IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel.<br>**DEBORAH MCDANIEL**<br>14000 Castle Blvd.<br>Apt. 1011<br>Silver Spring, MD 20904<br><br>        Plaintiffs,<br><br>       v.<br><br>**FORBA HOLDINGS, L.L.C.**<br><u>SERVE</u>:<br>The Corporation Trust<br>Incorporated<br>300 East Lombard Street<br>Baltimore, MD 21202<br><br>AND<br><br>**SMALL SMILES OF<br>LANGLEY PARK, P.C.**<br><u>SERVE</u>:<br>The Corporation Trust<br>Incorporated<br>300 East Lombard St.<br>Baltimore, MD 21202<br><br>        Defendants. | **AW 07 CV 3416**<br>Civil Action No.:<br><br>**FILED UNDER SEAL<br>PURSUANT TO<br>31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS<br>BOX**<br><br>**DO NOT ENTER ON PACER** |

<u>COMPLAINT</u>
(FALSE CLAIMS ACT, 31 U.S.C. §§ 3729 *et seq*.)

COMES NOW the Relator, Deborah McDaniel, on behalf of the United States of America, and by and through her attorneys, Joseph Cammarata, Esquire, Steven H. Kaminski, Esquire and the

law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully represents as follows:

**Introduction**

1. Ms. Deborah McDaniel (the "Relator") brings this action on behalf of the United States of America against Defendants for treble damages and civil penalties arising from the Defendants' false statements and false claims in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* The violations arise out of false Medicaid claims by the Defendants who billed and conspired to bill Medicaid for services that were not medically necessary.

2. As required by the False Claims Act, 31 U.S.C. § 3730(b)(2), the Relator has made disclosure to the United States by providing to the Attorney General of the United States and to the United States Attorney for the District of Maryland a statement of all material evidence and information related to the Complaint. This disclosure statement is supported by material evidence known to the Relator at the time of her filing, establishing the existence of Defendants' false claims. Because the statement includes attorney-client communications and work product of Relator's attorneys, and is submitted to the Attorney General and to the United States Attorney in their

capacity as potential co-counsel in the litigation, the Relator understands this disclosure to be confidential.

### Jurisdiction and Venue

3. This action arises under the False Claims Act, 31 U.S.C. §§ 3729 et seq. This Court has jurisdiction over this case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This court also has jurisdiction pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a), because the acts proscribed by 31 U.S.C. §§ 3729 et seq., and complained of herein, took place in this district, and is also proper pursuant to 28 U.S.C. § 1391(b) and (c), because at all times material and relevant, Defendants transact and transacted business in this District.

### Parties

5. Relator Deborah McDaniel is a citizen of the United States and a resident of the State of Maryland. From March 26, 2007 until she was discharged on April 12, 2007, Relator was an employee of Defendant Small Smiles of Langley Park, P.C., and worked at the office located at 1502 University Boulevard, Langley Park, Maryland, 20786. The Relator brings this action

3

based on her direct, independent, and personal knowledge.

6. The United States of America ("U.S.") funds dental services under Title XIX of the Social Security Act (hereinafter "Medicaid"). Dental services are a required service for most Medicaid eligible individuals under the age of twenty-one (21), as a required component of the early and periodic screening, diagnostic and treatment (EPSDT) benefit. EPSDT requires that all services coverable under the Medicaid program must be provided to EPSDT recipients if determined to be medically necessary.

7. Defendant FORBA Holdings, L.L.C. (hereinafter "FORBA") is a dental practice management company focused exclusively on providing dental services to children eligible for dental care under Medicaid. FORBA trains all Small Smiles employees, including Relator McDaniel, at the outset of their employment. This initial training takes place at FORBA's Pueblo, Colorado offices. FORBA manages Defendant Small Smiles of Langley Park, P.C.'s facility. FORBA also manages other dental offices that operate under the Small Smiles trade name and sets Medicaid billing production goals for each of these Small Smiles facilities. Defendant Small Smiles of Langley Park, P.C., (hereinafter "Small Smiles") operates and maintains

a dental facility in the State of Maryland, which provides dental services to Medicaid eligible patients who are principally under the age of twenty-one (21). Small Smiles of Langley Park, P.C. is just one of approximately sixty-three (63) dental facilities in eighteen (18) other states and the District of Columbia that operate under the Small Smiles trade name. At its Langley Park facility, Defendant Small Smiles employs a staff of twenty (20) to twenty-five (25) dental professionals and typically has ten (10) operating rooms, six (6) hygiene chairs, three (3) parent consultation rooms, and sees an estimated eighty-five (85) patients per day.

8. Defendant FORBA manages and supervises a nationwide dental practice that provides dental services from which the Defendant and/or its Small Smiles counterpart file claims for reimbursement of services from Medicaid.

**Facts Common to All Counts**

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above, and further state as follows:

9. Relator McDaniel was employed as a Dental Assistant for Defendant Small Smiles of Langley Park, P.C. Her job duties

5

included, but were not limited to, preparing patients for dental procedures, preparing the surgical implements and equipment, assisting the dentist in those procedures by passing them surgical implements, and taking x-rays of patients. At the beginning of her employment with Small Smiles, Relator McDaniel attended a training session sponsored by her employer and FORBA in Pueblo, Colorado. One of the subjects of this training session was the Defendants' policy called "conversion." "Conversion" was the term used by Defendants to describe their attempt to convert their routine care Medicaid-eligible patients to patients receiving procedures beyond routine check-ups and cleanings, even if these procedures were not medically necessary. During the course of her employment, Relator McDaniel was instructed that it was the Defendants' policy to "convert" all patients requiring simple cleanings and check-ups into patients requiring extensive and more expensive additional procedures such as pulpotomies, the dental process of removing pulp from the pulp chambers of the teeth, and the implant of steel crowns. Relator McDaniel learned during the course of her employment that Defendant Small Smiles would perform pulpotomies, and then place steel crowns over the teeth instead of installing simple fillings, which is the usual procedure, to

obtain additional and more expensive grounds to bill Medicaid. Training concerning this company policy on "conversion" was provided in Pueblo, Colorado by FORBA employees including, but not limited to, FORBA Director Laura Lott.

 10. The scheme to defraud the U.S. that serves as the basis of this Complaint was employed by Defendants in the following manner: Medicaid-eligible children would have an appointment for a routine check-up and cleaning with Defendant. They would be given x-rays, a routine cleaning, and then the dentist would evaluate the child's mouth. Parents were brought to a consultation room where they were told by the dentist that their child needed extensive work including, but not limited to, pulpotomies and implanting steel crowns. Parents were told that these extensive additional procedures were medically necessary, when in fact, the vast majority were not medically necessary. Parents were then pressured to sign consent forms immediately, and the extensive additional procedures, including pulpotomies, were performed the same day as the initial consultation. The speedy performance of these additional procedures was done for two reasons. First, the Defendants thought that if the patients actually left the building, they may not return for additional care. Second, allowing patients to leave the building and to

schedule the additional procedures on another day would allow the patients to obtain a second opinion as to the medical necessity of the additional procedures.

11.  Pulpotomies and the required steel crown implants that follow are reimbursed by Medicaid at a rate of $214.00 which is much higher than the $58.00-$104.00 rate at which simple fillings are reimbursed.  As a result of Defendant Small Smiles "conversion" scheme, Defendant received a significant amount of additional revenue from Medicaid from each "converted" patient seen in a Small Smiles facility when pulpotomies and other extensive work was performed in lieu of usual and customary simple fillings.  During the course of her employment, Relator McDaniel learned that the conversions were an integral part of the scheme to elicit the highest revenue from each patient seen in Defendants' office and to then bill Medicaid.  In an effort to comply with Medicaid billing procedures and to justify the amount billed for the pulpotomies and steel crowns and other such procedures, Defendant Small Smiles submitted billing forms to Medicaid which indicated, falsely, that the pulpotomies and steel crowns billed were a necessary medical procedure, when in fact, the vast majority were not.  Relator McDaniel also learned during the course of her employment that many of the x-rays

8

taken by the agents, servants and/or employees of Defendant Small Smiles to determine what procedures, if any, were medically necessary, were taken incorrectly, many times taken by employees not licensed to operate the x-ray machine, and were unreadable. Relator McDaniel witnessed first-hand x-rays that were completely black showing no images. On one occasion, she witnessed a parent being told by a dentist at the Defendant Small Smalls facility in Langley Park, Maryland that his/her child needed a pulpotomy and steel crowns implanted based on the x-ray of another patient.

12. Some determinations as to what procedures were medically necessary were made by dentist employees, agents, and servants of Defendant Small Smiles who were not licensed to practice dentistry in the State of Maryland. Sean Burroughs, a dentist licensed in the State of South Carolina but not licensed in the State of Maryland, where he practiced alongside Relator Deborah McDaniel in the Small Smiles Langley Park, Maryland office, made determinations as to what procedures were medically necessary for some patients.

13. To further encourage employees to make these medically unnecessary conversions, Defendant FORBA's nationwide policy was to set quotas for billings for each facility. A quota of

$20,000.00 in billings per day was set by FORBA for the Small Smiles Langley Park office. Additionally, monetary bonuses were given to employees as encouragement to convert routine care patients into patients requiring extensive additional procedures which were then falsely billed to Medicaid as medically necessary procedures. These nationwide corporate policies concerning daily quotas and bonuses were enforced by Defendants' employees, agents and/or servants like Laura Lott of FORBA and Small Smiles Langley Park, Maryland office manager Neshi Jenkins.

14. Relator McDaniel indicated her disapproval of the conversions and the issuance of medically unnecessary pulpotomies to her supervisors on April 12, 2007. On this same day, Relator McDaniel was terminated as a dental assistant with Defendant Small Smiles.

## COUNT I
**(False Billings for Services Not Medically Necessary)**

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above, and further state as follows:

15. Defendants knowingly falsely represented that the pulpotomies and other procedures performed on patients were medically necessary, when in fact, they were not.

18. Defendants made these misrepresentations to obtain payment of funds from Medicaid to which they would otherwise not have been entitled.

19. This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 et seq.

20. The U.S. Government, which pays out funds to be used under the Medicaid program, unaware of the falsity of the medical claims and billing procedures, and in reliance on the accuracy thereof, was damaged to the extent that these funds paid for services that were medically unnecessary, all in violation of 31 U.S.C. § 3729(a)(1), causing damage to the United States.

**COUNT II**
**(False Records or Statements Made For Payment of False Claims)**

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above, and further state as follows:

21. Defendants knowingly made, used, or caused to be made or used a false record or statement to get the false or fraudulent claim concerning pulpotomies and implanted steel crowns paid or approved by the Government by submitting Claim Forms requesting payment for these medically unnecessary procedures.

22. Defendants filed these false records or statements to obtain payment of funds from Medicaid to which they would otherwise not have been entitled.

23. This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

24. The U.S. Government, which pays out funds to be used under the Medicaid program, unaware of the falsity of the medical claims submitted, and in reliance on the accuracy thereof, was damaged to the extent that these funds paid for services that were medically unnecessary, all in violation of 31 U.S.C. § 3729(a)(2), causing damage to the United States.

### Count III
### (Conspiracy to Submit False Claims)

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above, and further state as follows:

12

25. Defendants combined, conspired, and agreed together to defraud the United States by knowingly submitting false medical claims and billing to the United States for the purpose of getting the false or fraudulent claims paid, or allowed, and committed, the other overt acts set forth above in furtherance of that conspiracy, all in violation of 31 U.S.C. § 3729(a)(3), causing damage to the United States.

## Count IV
### (Retaliation in Violation of 31 U.S.C. § 3730(h))

Plaintiffs replead and incorporate by reference herein each and every allegation set forth above, and further state as follows:

26. On April 12, 2007, Relator Deborah McDaniel objected to the giving of a pulpotomy to a patient, which according to the Relator, was medically unnecessary. On April 12, 2007, Relator Deborah McDaniel was terminated from her position as a Dental Assistant with Defendant Small Smalls. Although the reason given for her termination was "previous insubordination," Relator McDaniel has no knowledge of such previous incidents. This termination was in violation of 31 U.S.C. § 3730(h).

27. As a direct and proximate result of this unlawful and discriminatory termination, Plaintiff has suffered emotional pain and mental anguish, together with serious economic hardship, including lost wages and special damages associated with her efforts to obtain alternative employment, in an amount to be proven at trial.

WHEREFORE, Relator respectfully requests this Court to enter judgment against Defendants, as follows:

(a)   That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false claims and fraud alleged within this Complaint, as the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* provides;

(b)   That civil penalties of $10,000 be imposed for each and every false claim that Defendants presented to the United States and/or its grantees;

(c)   That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and pressing this case;

(d)   That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act for which redress is sought in this Complaint;

14

(e)     That the Relator be awarded the maximum amount allowed to her pursuant the False Claims Act; and

(f)     For Count IV, that Relator be granted all relief necessary to make her whole, including, but not limited to, two times her back pay and other compensatory damages sustained as a result of Defendants' harassment and retaliation; and

(g)     That this Court award such other and further relief as it deems proper.

> Respectfully submitted,
>
> **CHAIKIN, SHERMAN,**
> **CAMMARATA & SIEGEL, P.C.**
>
> _____
> Joseph Cammarata, Esquire
> Md. Dist. Ct. Bar No. 12620
> 1232 17th Street, N.W.
> Washington, D.C. 20036
> 202-659-8600
> Attorneys for Plaintiffs
>
> _____
> Steven H. Kaminski, Esquire
> Md. Dist. Ct. Bar No. 14543
> 1232 17th Street, N.W.
> Washington, D.C. 20036
> 202-659-8600
> Attorneys for Plaintiffs

15

**JURY DEMAND**

Plaintiffs/Relator do hereby request a trial by jury as to all issues triable herein.

_____
Joseph Cammarata